WO                                                                                    MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Carlos Valez,                                          No.  CV 20-01400-PHX-JAT (DMF)

                    Plaintiff,

v.                                                     **ORDER**

Corrections Corporation of America, et
al.,

                    Defendants.

On July 15, 2020, Plaintiff Carlos Valez, who is confined in the Northern Nevada Correctional Center in Carson City, Nevada, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion for Appointment of Counsel and paid the filing and administrative fees.  In a September 8, 2020 Order, the Court denied without prejudice the Motion for Appointment of Counsel, dismissed the Complaint because Plaintiff had failed to state a claim, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On September 24, 2020, Plaintiff filed his First Amended Complaint (Doc. 5).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

JDDL-K

1    relief may be granted, or that seek monetary relief from a defendant who is immune from

2    such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3        A pleading must contain a "short and plain statement of the claim *showing* that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

5    not demand detailed factual allegations, "it demands more than an unadorned, the-

6    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice." *Id.*

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

11   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

12   that allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for

14   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

15   experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual

16   allegations may be consistent with a constitutional claim, a court must assess whether there

17   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

18       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

19   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

20   (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent

21   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551

22   U.S. 89, 94 (2007) (per curiam)).

23       If the Court determines that a pleading could be cured by the allegation of other

24   facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

25   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

26   Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

27   because it may possibly be amended to state a claim, the Court will dismiss it with leave

28   to amend.

## II.    First Amended Complaint

In his three-count First Amended Complaint, Plaintiff seeks injunctive relief and monetary damages from Defendants Corrections Corporation of America (CCA),[1] Warden B. Thomas, Lieutenant Perez, Case Counselor Ortega, Case Manager Norvaes, and Investigator Bawlick.

In **Count One**, Plaintiff alleges he was subjected to excessive force in violation of his Eighth Amendment rights.  He claims he was awakened on February 2, 2018, when Defendant Perez kicked his cell door and directed Plaintiff to strip naked.  Plaintiff contends he complied and stood naked at the front of his cell door.  He alleges Defendant Perez began pointing at Plaintiff's penis, while Defendants Ortega, Bawlick, and Norvaes laughed.

Plaintiff contends Defendant Perez then instructed Plaintiff to submit to restraints. Plaintiff asserts that when he reached for his underwear to cover his genitals, he was sprayed with "O.C. Pepper Spray" for ten seconds.  He claims his cell door was then opened and several officers entered his cell and "began beating Plaintiff," knocking him to the floor and kicking Plaintiff in the head until he lost consciousness.  Plaintiff alleges that witnesses told him that he was then dragged, naked, across the dayroom floor by several officers and placed in the shower.

Plaintiff claims he awoke in a different cell, with his underwear on backward.  He alleges he inspected his body, discovered bruises on his upper body and large lumps on his head, and began requesting to be seen by medical personnel for his injuries.  He contends his requests were denied and he was denied medical request forms.

Plaintiff alleges this incident occurred because he is a validated Hispanic gang member.  He claims he had bruised ribs, a skin rash, and a bloody nose; continues to suffer headaches and pain from his injuries; has developed high blood pressure from the O.C. Pepper Spray; and has long-term breathing difficulties and mental and emotional stress.

---

[1] Corrections Corporation of America has changed its name to CoreCivic as part of a rebranding.

JDDL-K

In **Count Two**, Plaintiff alleges he was denied medical treatment, in violation of the Eighth Amendment.  He claims that for several weeks after the February 2 incident, he requested to be seen for his injuries.  He alleges he was denied medical treatment and now suffers daily headaches, has mental and emotional stress, and has developed high blood pressure.

In **Count Three**, Plaintiff alleges he was denied his Fourteenth Amendment right to due process.  He claims that after the February 2 incident, he was placed in a disciplinary cell and was denied access to his property for weeks.  He contends that when he did receive his property, several items of discovery from his criminal case—approximately 200 pages—were missing or destroyed.  Plaintiff asserts he submitted an inmate request form regarding the missing property, and a staff member explained the property was not returned because it had been contaminated from the O.C. Pepper Spray.  Plaintiff claims he has been unable to replace the property and was not given an opportunity to mail out the property.

**III.  Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### A.   Defendant CCA

To state a claim under § 1983 against a private entity performing a traditional public function, such as housing prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the First Amended Complaint was the result of a specific policy or custom of Defendant CCA. Thus, the Court will dismiss without prejudice Defendant CCA.

### B.   Defendant B. Thomas

Plaintiff has not alleged that Defendant B. Thomas personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations at all against Defendant B. Thomas. Thus, the Court will dismiss without prejudice Defendant B. Thomas.

### C.   Count One

#### 1.   Pointing and Laughing

Although physical sexual assault on an inmate by a prison official violates the Eighth Amendment, *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000), and "prisoners have a right to be free from sexual abuse," *Austin v. Terhune*, 367 F.3d 1167,

1171 (9th Cir. 2004), "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin*, 367 F.3d at 1171.  The Ninth Circuit Court of Appeals "has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, [but] has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding [only] the latter to be in violation of the [C]onstitution." *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing *Schwenk*, 204 F.3d at 1198); *Austin*, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him); *Patrick v. Martin*, 402 F. App'x 284, 285 (9th Cir. 2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983).  "'Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quoting *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979)); *see also Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.").  Thus, the Court will dismiss without prejudice Plaintiff's claim against Defendants Perez, Ortega, Norvaes, and Bawlick for pointing at Plaintiff's penis and laughing.

### 2.    Pepper Spray, Assault, and Being Dragged Across the Floor

Plaintiff has failed to link the allegations that he was sprayed with pepper spray, assaulted, and dragged across the floor to any particular Defendant; Plaintiff has failed to identify which Defendant or Defendants sprayed him with the pepper spray, knocked him to the floor, and dragged him across the floor.  Thus, the Court will dismiss without prejudice Plaintiff's excessive force claim in Count One.

### D.    Counts Two and Three

Plaintiff has failed to link the allegations in Counts Two and Three to any particular Defendant.  Thus, the Court will dismiss without prejudice Counts Two and Three.

1     **IV.    Leave to Amend**

2          For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

3     for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

4     submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of

5     Court will mail Plaintiff a court-approved form to use for filing a second amended

6     complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second

7     amended complaint and dismiss this action without further notice to Plaintiff.

8          Plaintiff must clearly designate on the face of the document that it is the "Second

9     Amended Complaint."  The second amended complaint must be retyped or rewritten in its

10    entirety on the court-approved form and may not incorporate any part of the original

11    Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim

12    per count.

13         A second amended complaint supersedes the original Complaint and First Amended

14    Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v.*

15    *Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court

16    will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*,

17    963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First

18    Amended Complaint and that was voluntarily dismissed or was dismissed without

19    prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa*

20    *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

21         If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

22    telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

23    of the Defendant who violated the right; (3) **exactly what that Defendant did or failed to**

24    **do**; (4) how the action or inaction of that Defendant is connected to the violation of

25    Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

26    that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

27         Plaintiff must repeat this process for each person he names as a Defendant.  If

28    Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**V.   Warnings**

    **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.   Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **C.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 5) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 9th day of October, 2020.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

<u>Phoenix & Prescott Divisions</u>:          **OR**          <u>Tucson Division</u>:
U.S. District Court Clerk                                            U.S. District Court Clerk
U.S. Courthouse, Suite 130                                      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                      405 West Congress Street
Phoenix, Arizona   85003-2119                               Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

     I hereby certify that a copy of the foregoing document was mailed
     this _____ (month, day, year) to:
     Name:   _____
     Address:_____
                    Attorney for Defendant(s)

     _____
     (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   Underline Completing the Civil Rights Complaint Form.

**HEADING:**
    1.   Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**
    1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.   Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.   Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**
    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**
    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.                                                          **CASE NO**. _____
                                                                       (To be supplied by the Clerk)
(1) _____ ,
(Full Name of Defendant)
                                                            **CIVIL RIGHTS COMPLAINT**
(2) _____ ,                   **BY A PRISONER**

(3) _____ ,

(4) _____ ,          ☐ Original Complaint
                                                        ☐ First Amended Complaint
                    Defendant(s).                       ☐ Second Amended Complaint

☐ Check if there are additional Defendants and attach page 1-A listing them.


## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
      ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
                                (Position and Title)                                          (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                                (Position and Title)                                          (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
                                (Position and Title)                                          (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
                                (Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                                     _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                                     _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
                                     _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.

☐ Basic necessities      ☐ Mail         ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes      ☐ No

b.    Did you submit a request for administrative relief on Count I?          ☐ Yes      ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?  ☐ Yes      ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail             ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                              ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?   ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities             ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                              ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                  DATE                                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.