WO                                                                                      MDR

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Valez, | No.   CV 20-01400-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Corrections Corporation of America, et al., | |
| Defendants. | |

On July 15, 2020, Plaintiff Carlos Valez, who is confined in the Northern Nevada Correctional Center in Carson City, Nevada, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion for Appointment of Counsel and paid the filing and administrative fees.  In a September 8, 2020 Order, the Court denied without prejudice the Motion for Appointment of Counsel, dismissed the Complaint because Plaintiff had failed to state a claim, and gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On September 24, 2020, Plaintiff filed a First Amended Complaint.  In an October 9, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On November 2, 2020, Plaintiff filed a Second Amended Complaint (Doc. 7).  The Court will order Defendant Perez to answer Count One of the Second Amended Complaint,

give Plaintiff an opportunity to discover the true names of Defendants John Does 1-4, and dismiss the remaining claims and Defendants without prejudice.

## I.       Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     Second Amended Complaint**

In his three-count Second Amended Complaint, Plaintiff seeks injunctive relief and monetary damages from Defendants Corrections Corporation of America (CCA),[1] Warden B. Thomas, Lieutenant Perez, and Correctional Officers John Does 1, 2, 3, and 4.

In **Count One**, Plaintiff alleges he was subjected to excessive force in violation of his Eighth and Fourteenth Amendment rights.  Plaintiff claims he was awakened on February 2, 2018, by a disturbance in his tier.  He contends Defendant Perez, Defendants John Does 1-4, and other prison employees, appeared at his cell door, and Defendant Perez instructed him to strip naked and wait for further instructions.  Plaintiff asserts he stripped and stood naked in front of his cell door.  He contends Defendant Perez then instructed him to submit to restraints.  Plaintiff asserts that when he reached for his underwear, Defendant Perez sprayed him with "O.C. pepper spray" for ten seconds, without warning.  He claims immediately afterward, Defendant Perez opened his cell door, and Defendants John Does 1-4 rushed in, knocked Plaintiff to the floor, and punched and kicked Plaintiff until he lost consciousness.  Plaintiff alleges witnesses told him he was dragged, naked, across the dayroom by Defendants John Does 1-4, who then placed him on the shower floor and turned on the cold water.

Plaintiff claims he was then escorted, in his underwear, but without shoes, to the unit office and was evaluated by a nurse.  He alleges he complained he could not breathe and had severe pain in his head and midsection.  Plaintiff contends he was then returned to his cell, which had been stripped and had no mattress, bedding, or property, and no way to write a medical request for treatment of his injuries.  Plaintiff claims that a week later, Defendant Thomas appeared at his cell door, and Plaintiff verbally requested medical treatment and basic necessities such as a mattress and bedding.  He alleges his requests

---

[1] Corrections Corporation of America has changed its name to CoreCivic as part of a rebranding.

were denied and he was never treated for his injuries.  He claims he suffered bruised ribs, a bloody nose, and a skin rash, and continues to have difficulty breathing, severe headaches, emotional stress, and hypertension.

In **Count Two**, Plaintiff contends he was denied medical care, in violation of his Eighth Amendment rights.  He asserts Defendant Thomas was deliberately indifferent to Plaintiff's serious medical needs when he denied Plaintiff medical care on February 9, 2018, for the injuries Plaintiff sustained on February 2, 2018.

In **Count Three**, Plaintiff alleges he was denied his Fourteenth Amendment right to due process relating to "Policies and Training."  He contends Defendants CCA and Thomas are responsible for establishing the policies that allowed Plaintiff to be sprayed with pepper spray for ten seconds; allowed the use of force by Defendants John Does 1-4 "without proper training"; and allowed Plaintiff to be placed, without a due process hearing, in a stripped cell without basic necessities, such as a mattress or bedding, for weeks.

**III.   Discussion of Second Amended Complaint**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits,

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### A.    Count One

Liberally construed, Plaintiff has stated an excessive force claim in Count One against Defendants Perez and John Does 1-4.  The Court will require Defendant Perez to answer Count One.

Although Plaintiff has stated a claim against Defendants John Does 1-4, the Court will not require service on those Defendants at this time because it is, in most instances, impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant.  However, the Court will not dismiss the claim against Defendants John Does 1-4 at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual names of Defendants John Does 1-4, through subpoena or otherwise, and to substitute their actual names by filing a "notice of substitution." *See id*.  The Court may dismiss without prejudice Defendants John Does 1-4 if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

### B.    Count Two

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result

in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff does not allege what he told Defendant Thomas when he sought medical treatment for his week-old injuries; what explanation, if any, Defendant Thomas gave when

he denied Plaintiff's request for medical treatment; or how Defendant Thomas's denial rose to the level of deliberate indifference to any serious medical needs.  Plaintiff's allegations in Count Two are too vague and conclusory to state a claim against Defendant Thomas. Thus, the Court will dismiss without prejudice Count Two.

### C.    Count Three

To state a claim under § 1983 against a private entity performing a traditional public function, such as housing prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam).  A plaintiff must allege the specific policy or custom and how it violated his constitutional rights.  A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights.  *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

To state a claim based on a policy, custom, or policy, a plaintiff must show that: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County*, *Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).  Liability attaches only where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in questions." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).  "It is not sufficient for a plaintiff to identify a custom or policy, attributable to the [entity], that caused his injury.  A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [the jail's] inhabitants.'"  *Castro v. County of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc) (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).

Plaintiff does not identify the specific policies at issue or allege that they were the result of Defendants CCA and Thomas's deliberate indifference to the likelihood of a deprivation of his constitutional rights.  Thus, the Court will dismiss without prejudice Count Three.

## IV.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Counts Two and Three are **dismissed** without prejudice.

(2)    Defendants Corrections Corporation of America and Thomas are **dismissed** without prejudice.

(3)    Defendant Perez must answer Count One.

(4)    Within 120 days from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting the actual names of Defendants John Does 1-4.  The

Court may dismiss without prejudice Defendants John Does 1-4 if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

(5)    The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendant Perez.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant Perez within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant Perez.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8)    The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(9)    The United States Marshal must notify Defendant Perez of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.

(10)    If Defendant Perez agrees to waive service of the Summons and Second Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)   Defendant Perez must answer Count One of the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)   This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 12th day of November, 2020.

James A. Teilborg
Senior United States District Judge