**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Valez, | No. CV-20-01400-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Corrections Corporation of America, et al., | |
| Defendants. | |

Plaintiff Carlos Valez was a state prisoner proceeding pro se in this civil rights action, seeking relief under 42 U.S.C. § 1983. This case now proceeds with Plaintiff's second amended complaint, filed on November 2, 2020, against Defendants Officer Perez and John Doe #1–4 for excessive use of force in violation of the Eighth and Fourteenth Amendments. (Doc. 7 at 3).

On February 24, 2021, defense counsel for Officer Perez filed an amended "Notice of Suggestion of Death of Plaintiff," stating that Plaintiff died on January 24, 2021. (Doc. 25). Defense counsel states that a copy of this notice was served on Plaintiff's listed next-of-kin from his prison records, his sister, in the manner identified by Rule 4 of the Federal Rules of Civil Procedure and Rule 4.2(c)(1) of the Arizona Rules of Civil Procedure. (Doc. 34). The attached proof of service indicates that Plaintiff's sister was served through certified mail on March 4, 2021. (Doc. 34 at 2). Plaintiff's sister later contacted defense counsel by telephone, confirming receipt of service. (Doc. 34 at 3).

"If a party dies and the claim is not thereby extinguished, the court may order

substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The party filing the notice of death (or "suggestion of death") must serve the other parties and nonparty successors or representatives of the deceased in the same manner as required for service of a motion to substitute. Fed. R. Civ. P. 25(a)(3). "[N]on-party successors or representatives of the deceased [ ] must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

District courts in the Ninth Circuit have generally required defendants to make a "good faith effort" in identifying and locating the successors or representatives of the deceased when filing a suggestion of death. *See e.g., Gravesbey v. Byrd-Hunt*, No. 319CV00372CABRBM, 2020 WL 4226624 (S.D. Cal. July 23, 2020) (citing cases). Mailing the suggestion of death to the deceased's address of record has met the "good faith effort" standard for attempting to contact a representative or successor of a plaintiff proceeding pro se as prisoner. *See Meyers v. Cty. of Los Angeles*, No. CV 10-05225 DMG AJW, 2011 WL 7164461, at *3 (C.D. Cal. Dec. 19, 2011), report and recommendation adopted, No. CV 10-5225 DMG AJW, 2012 WL 394857 (C.D. Cal. Feb. 6, 2012) ("Requiring defendants to do more to ascertain whether a representative or successor for plaintiff exists is burdensome and impractical.").

Here, the notice of death was appropriately filed and served to Plaintiff's identified next-of-kin more than ninety days ago. The Court finds that Defendants in this case made a good faith effort to contact Plaintiff's representative or successor through these actions. Since then, no motion for substitution has been made.

Accordingly,

**IT IS ORDERED** that this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1), and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the pending motion for judgment on the pleadings (Doc. 18) is denied as moot.

Dated this 6th day of August, 2021.

James A. Teilborg
Senior United States District Judge